UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20025-CR-MARTINEZ

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.

**HECTOR PENA,**
        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On or about August 26, 2011, court-appointed defense counsel Oscar Arroyave ("Counsel") submitted a voucher application numbered FLS 10 4722 with appended time sheets requesting $11,025.12 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a brief letter dated September 16, 2011 (the "September 16 Letter") in support of his voucher application. Counsel represented Defendant Hector Pena ("Defendant") for seven months from his appointment on December 28, 2010 until August 8, 2011.

Counsel seeks $11,025.12 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 86]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.* I

conclude, however, that this case was neither sufficiently extended, nor complex to justify recommendation of compensation in excess of the statutory maximum allowed under the CJA.

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and for mathematical accuracy prior to the undersigned's review. Counsel listed 4.6 in-court hours in the voucher, totaling $575.00. The CJA administrator made no changes to either of these figures.

The CJA administrator also reviewed the $10,150.00 Counsel billed for 81.2 out-of-court hours as follows: 37.4 hours for "Interviews and conferences"; 11.7 hours for "Obtaining and reviewing records", and 3.8 hours for "Legal research and brief writing". Counsel seeks compensation for 28.3 hours for "Travel time" but no hours for "Investigative and Other work." The CJA administrator made no changes to either the number of out-of-court hours or the amount sought for out-of-court hours listed on the voucher.

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the voucher application, the time sheets submitted, the September 16 letter and the case record as it relates to Counsel's representation of Defendant.

As a matter of background, Defendant was initially charged in a Criminal Complaint **[DE # 1]** with knowingly attempting to bring aliens into the United States in violation of 8

U.S.C. § 1324(a)(1)(A)(I). On January 7, 2011, the grand jury returned an eighteen count[1] Indictment against Defendant and two co-defendants. In the Indictment, Defendant was charged with conspiracy to encourage aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and encouraging aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

Three months later, the government filed a five count Superseding Information **[DE # 60]** against Defendant, reducing the number of charges against Defendant. Only six days later, Defendant entered a guilty plea on April 25, 2011. **[See DE # 62]**. Defendant was sentenced on July 21, 2011 to 188 months in prison. **[See DE # 85]**.

Counsel filed only two simple motions on behalf of Defendant: a Joint Motion For Ends of Justice Continuance **[DE # 47]** and a Second Joint Motion For Ends of Justice Continuance **[DE # 59]**. The Court did not hold a hearing on either motion.

## This Case Was Not Complex

Counsel seeks $575.00 for 4.6 in-court hours at a rate of $125.00/ hour. Counsel further seeks $10,150.00 for 81.2 out-of-court hours also incurred at a rate of $125.00/ hour. I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories.

Although I conclude that the time spent out-of-court by Counsel was justified, in order for the undersigned to award Counsel more than the $9,700.00 statutory maximum allowed in non-capital felony representations under the CJA, I must first conclude that this case was

---

[1] The Indictment consisted of eighteen counts: Count I - conspiracy charge and Counts II - XVIII - alien smuggling charges, one charge for each of the seventeen aliens smuggled into the United States.

either "extended" or "complex". "Excess compensation is to be allowed if the legal or factual problems in the case, or the quantity of the service demanded, are 'significantly' greater than average. The point of reference is the case commonly encountered, and the comparison must reveal enough margin of difference to justify a confident conclusion that excess compensation is essential to fairness." *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (quoting *United States v. Bailey*, 581 F.2d 984, 989 (D.C. Cir. 1978)). In comparing this case to the "case commonly encountered", there is no such margin of difference present in this case to justify an award in excess of the maximum compensation allowed under the CJA.

Again, an "extended" case is a case in which more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *See* Section §230.23.40(b) of the Guidelines. Counsel began representing Defendant as CJA counsel on December 28, 2010. Defendant was sentenced on July 21, 2011.

There were no significant hearings or legal issues that Counsel briefed or presented to the Court. As described above, there were only two simple joint motions to continue filed in this case. Although Counsel served as CJA counsel for nearly seven months, a review of the docket and pleadings in this case reveals that this case did not require more time for processing than the average case.

I also conclude that this was not a complex case. A "complex" case exists where the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §230.23.40(b) of the Guidelines. The issues with respect to Counsel's

representation of Defendant were not complex.

Again, Judge Martinez held no hearings with respect to any legal issues. The parties only filed two motions with the Court - simple motions to continue. These proceedings did not require Counsel to expend more time, skill or effort than normally required in re-sentencing proceedings. Accordingly, this case cannot be considered extended.

In considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *Mukhtaar*, 2008 WL 2151798, at * 2 (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)).

In considering these principles with respect to the instant case, I conclude that an award of the $9,700.00 statutory maximum allowed under the CJA, plus $300.12 in expenses, for a total of $10,000.12, is fair, although admittedly not full compensation for Counsel's services.

I commend Mr. Arroyave for his professionalism and willingness to take this CJA appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). I conclude that this case was neither sufficiently "complex", nor "extended" to justify compensating Counsel in excess of the $9,700.00 maximum allowed plus expenses in non-capital felony representations under the CJA.

## CONCLUSION

In sum, based upon my review of the voucher application, having personally reviewed the time sheets, the case record and the September 16, 2011 letter, I am **RECOMMENDING** that Counsel be paid the $9,700.00, the statutory maximum plus expenses of $300.12 for a total of $10,000.12, as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Respectfully submitted this ____ day of October, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Oscar Arroyave, Esq.
    Lucy Lara, CJA administrator